UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDICIAL WATCH, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> U.S. DEPARTMENT OF JUSTICE, ) <br> ) <br> Defendant. ) <br> ) | Civil Action No. 18–154 (RBW) |

## ORDER

The plaintiff, Judicial Watch, Inc., initiated this civil action against the defendant, the United States Department of Justice, pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 (2012), to compel compliance with its FOIA request submitted to the Federal Bureau of Investigation ("FBI"), which seeks, inter alia, "[a]ny and all records of communications, including but not limited to, emails, text messages, and instant chats, between FBI official Peter Strzok, and FBI attorney Lisa Page." Complaint ("Compl.") ¶ 5. Currently pending before the Court is the Plaintiff's Motion for Preservation Order ("Pl.'s Mot.").[1]

According to the plaintiff, the "[d]efendant has informed [the] [p]laintiff that, on May 21, 2018, [the] [d]efendant sent letters to Strzok and Page asking them to preserve agency records on their personal accounts and personal devices and requesting confirmation that they are doing so." Pl.'s Mot. at 2. The plaintiff argues that a preservation order is necessary because it "does not know specifically what [the] [d]efendant asked Str[zo]k and Page to do and what, if any, steps

---

[1] In addition to the filings already identified, the Court considered the following submissions in rendering its decision: (1) the Defendant's Memorandum in Opposition to Plaintiff's Motion for Preservation Order ("Def.'s Opp'n"), (2) the Declaration of David M. Hardy ("Hardy Decl."); (3) the Plaintiff's Reply in Support of its Motion for Preservation Order ("Pl.'s Reply"); and (4) the defendant's Notice of Recent Development ("Def.'s Not.").

Strzok and Page are taking to ensure preservation," id. at 2, and it is therefore "concerned [that] records responsive to [its] FOIA request will be lost or not otherwise searched," id. at 3. The defendant responds that (1) "Judicial Watch has not shown that [ ] Strzok and [ ] Page failed to comply with the federal statute and FBI policy ensuring that agency records are captured on agency systems," Def.'s Opp'n at 1; (2) "Strzok and [ ] Page have both confirmed that their personal accounts contain no agency records," id. at 2; (3) "Judicial Watch has offered no evidence that those records are likely to be lost without a preservation order," id.; and (4) "Judicial Watch's attempt to challenge the adequacy of the FBI's search, while that search is still ongoing, is premature," id.

When reviewing a motion for a preservation order, the Court follows "the same analytical framework as a motion for injunctive relief," Competitive Enter. Inst. v. Office of Sci. and Tech. Policy, Civil Action No. 14–765 (GK), 2016 WL 10676292, at *2 (D.D.C. Dec. 12, 2016), and therefore

> must consider "(1) the likelihood that the party seeking the stay will prevail on the merits of the appeal; (2) the likelihood that the moving party will be irreparably harmed absent a stay; (3) the prospect that others will be harmed if the Court grants the stay; and (4) the public interest in granting the stay,"

id. (quoting Citizens for Responsibility and Ethics in Wash. v. Office of Admin., 593 F. Supp. 2d 156, 159 (D.D.C. 2009)). "The four factors should be balanced on a sliding scale, and a party can compensate for a lesser showing on one factor by making a very strong showing on another factor." Biovail Corp. v. FDA, 448 F. Supp. 2d 154, 159 (D.D.C. 2006) (citing CSX Transp., Inc. v. Williams, 406 F.3d 667 (D.C. Cir. 2005)). However, "if a party makes no showing of irreparable injury, the [C]ourt may deny the motion for injunctive relief without considering the other factors." Id. (citing CityFed. Fin. Corp. v. Office of Thrift Supervision, 58 F.3d 738, 747 (D.C. Cir. 1995)); see also Griffith v. Ramsey, Civil Action No. 06–01223 (HHK), 2006 WL

2405055, at *1 (D.D.C. Aug. 18, 2006) ("[W]hile the factors which must be considered in deciding a motion for injunctive relief interrelate on a sliding scale and must be balanced against each other, the party seeking injunctive relief is always required to make some showing of irreparable injury." (emphasis added) (internal quotation marks omitted)).

Although the plaintiff does not explicitly address these factors, it appears to argue that it will be irreparably harmed absent a Court order due to the threat that agency communications on Strzok's and Page's personal accounts may be deleted. See Pl.'s Reply at 3–4 ("It is unclear what, if any, actions Strzok has taken to preserve emails both during the [United States Department of Justice Office of the Inspector General ("OIG")] investigation and after . . . . Just because Strzok says he preserved emails between Page and him, it does not mean that he did . . . . Strzok now has even more reason to destroy or delete any federal records remaining in his possession."). The plaintiff's argument relies heavily on a report issued by the OIG, which "'found that Strzok used his personal email accounts for official government business on several occasions, including forwarding an email from his FBI account to his personal email account about the proposed search warrant the Midyear team was seeking on the Weiner laptop.'" Id. at 1 (quoting U.S. Dep't of Justice Office of Inspector Gen., Oversight and Review Div. 18–04, A Review of Various Actions by the Federal Bureau of Investigation and Department of Justice in Advance of the 2016 Election xii (June 2018), https://www.justice.gov/file/1071991/download (last visited Nov. 9, 2018) (the "OIG Report")).

However, since the filing of plaintiff's motion, the National Archives and Records Administration ("NARA") has conducted an investigation regarding the findings in the OIG Report, and it concluded that "[w]hile personal email accounts were used, no loss or removal of records occurred because emails were copied/forwarded to the appropriate government accounts"

3

and that "there is no evidence of unauthorized disposal or removal of federal records." Def.'s Not. at 3. The NARA's investigation, coupled with the sworn declaration of David M. Hardy, the Section Chief of the FBI's Record/Dissemination Section, that Strzok and Page are complying with their preservation obligations and do not possess agency records on their personal accounts, see Hardy Decl. ¶ 11, persuade the Court that the likelihood that the plaintiff will be irreparably harmed absent a preservation order is insufficient to merit the relief the plaintiff is seeking. Therefore, the plaintiff "ultimately [has] not satisfactorily demonstrate[d] that any of this evidence has not been preserved—should it be relevant to the case—nor [has] [it] demonstrate[d] why the [defendant's] proposed procedures for preserving evidence d[o] not cover this evidence." See United States v. Sum of $70,990,605, Civil Action No. 12–1905 (RDM–AK), 2015 WL 1021118, at *10 (D.D.C. Mar. 6, 2015).[2] Accordingly, it is hereby

**ORDERED** that the Plaintiff's Motion for Preservation Order, ECF No. 10, is **DENIED**.

**SO ORDERED** this 13th day of November, 2018.

REGGIE B. WALTON<br>United States District Judge

---

[2] The Court notes that the plaintiff fails to address the other factors relevant to the Court's inquiry. However, as the Court has explained, see supra at 2–3, some showing of irreparable injury is a prerequisite to the Court's granting of a motion for preservation order. Having concluded that the plaintiff has not made a showing of irreparable injury, the Court need not address the other factors.